UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MRP PROPERTIES, LLC, et al.,

          Plaintiffs,          Case No. 17-cv-11174

v.          Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,

          Defendant.
_____/

**ORDER GRANTING MOTION TO AMEND**

On April 4, 2018, the Court entered an order granting Defendant's motion to dismiss and dismissing the complaint without prejudice because Plaintiffs failed to plead that they incurred response costs that were necessary and consistent with the National Contingency Plan (NCP). Order at 29–34, ECF No. 37. Plaintiffs have now moved to amend their complaint. ECF No. 38. On June 15, 2018, Defendant filed a response in opposition to the motion to amend. ECF No. 40. Plaintiffs replied on June 22, 2018. ECF No. 41.

**I.**

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading with the court's leave and that "the court should freely give leave when justice so requires." Denial of a motion to amend is appropriate, however, "'where there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'" *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

An amendment would be futile if the amended complaint does not state a claim upon which relief can be granted. *Midkiff v. Adams Cty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005). A pleading fails to state a claim under Rule 12(b)(6) if it does not contain allegations that support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion, the Court construes the pleading in the non-movant's favor and accepts the allegations of facts therein as true. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The pleader need not provide "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In essence, the pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" and "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678–79 (quotations and citation omitted).

## II.

The issues raised by the current briefing are rather narrow. Defendant has not provided a particularly robust opposition to Plaintiffs' motion. Indeed, Defendant's response contains 7 pages of briefing (2 of which consist of a block quote and a lengthy footnote), and is largely devoid of legal citations. Defendant argues that amendment would be futile because Plaintiffs have failed to cure the deficiencies identified in the Court's April 4 Order. Resp. at 2, ECF No. 40. Defendant does not appear to contest whether the proposed amended complaint sufficiently alleges the necessity of response costs or their consistency with the NCP. Rather, Defendant

contends that the proposed amended complaint fails to allege that *Plaintiffs* themselves were the ones who incurred those response costs:

> A key element of a CERCLA cost-recovery claim is that the plaintiff has incurred costs that are necessary and consistent with the NCP; merely pleading that costs have been incurred by an unnamed entity is not sufficient. Inexplicably, the additional paragraphs detailing alleged prior remediation efforts at each site do not include a single allegation that any Plaintiff was the actual party that performed the alleged CERCLA-related cleanup activities, and thus incurred costs while undertaking those activities, at any of the sites.

*Id.* at 3. In short, whereas Defendant's motion to dismiss focused on cost necessity and consistency with the NCP, Defendant's current argument focuses on *who* has incurred the costs in question.

Plaintiffs identify a number of allegations from the proposed amended complaint which attribute the responses costs to the Plaintiffs' efforts at the refineries, or the efforts of their predecessors in interest. For example, the proposed amended complaint alleges that "Valero Companies are addressing contamination and incurring environmental response costs," "the Valero Companies have incurred and will continue to incur response costs consistent with the National Contingency Plan ("NCP") and investigation and monitoring costs to which the NCP does not apply." Proposed Am. Compl. ¶ 2, 29.

Defendant correctly points out that the Court previously found that these "bare assertion[s]" were insufficient to state a claim that *the costs incurred were necessary and consistent with the NCP*. ECF No. 37 at 29-33. However, Defendant no longer appears to challenge the necessity of the costs incurred or their consistency with the NCP. Rather, Defendant contends that the proposed amended complaint does not sufficiently allege that *Plaintiffs* incurred the costs in question. The global allegations highlighted above, in conjunction with the refinery-specific information concerning what remediation and investigation efforts

were undertaken, are more than sufficient to put Defendant on notice that Plaintiffs incurred the response costs in question. To the extent Defendant will seek to defend against Plaintiffs' claims on the grounds that neither Plaintiffs nor their predecessors in interest incurred the response costs in question, there is no reason why that defense cannot be developed during discovery.

**III**.

Accordingly, it is **ORDERED** that Plaintiffs' motion to amend, ECF No. 38, is **GRANTED**.

It is further **ORDERED** that Plaintiffs are **DIRECTED** to file their amended complaint by **July 18, 2018**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: July 10, 2018

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 10, 2018.

s/Kelly Winslow
KELLY WINSLOW, Case Manager