# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

MRP PROPERTIES COMPANY, LLC, *et al.*,

        Plaintiffs and Counterclaim-Defendants,

    v.

UNITED STATES OF AMERICA,

        Defendant and Counterclaimant.

Hon. Thomas L. Ludington
Mag. Judge Patricia T. Morris

Case No. 17-cv-11174

## DEFENDANT UNITED STATES OF AMERICA'S ANSWER TO SECOND AMENDED COMPLAINT AND COUNTERCLAIMS

Defendant the United States of America ("United States"), by and through undersigned counsel, hereby responds to Plaintiffs MRP Properties Company, LLC; Valero Refining Company – Oklahoma; Valero Refining Company – Tennessee, L.L.C.; The Premcor Refining Group Inc.; Valero Refining – Texas, L.P.; and Ultramar Inc.'s Second Amended Complaint (ECF No. 43).

## <u>GENERAL DENIAL</u>

Except as expressly admitted herein, the United States denies each and every allegation in the Second Amended Complaint.

## SPECIFIC RESPONSES

The United States responds to the correspondingly numbered paragraphs of the Second Amended Complaint, as follows:

1.      The first, second and last sentences of Paragraph 1 are denied.  The third and fourth sentences are partially denied, and the United States admits only that during World War II (a) the executive branch voluntarily entered into contracts with individual petroleum refineries for the purchase of products, (b) the executive branch worked cooperatively with the petroleum refinery industry to ensure that critical war materials were produced and used efficiently, and (c) the executive branch through legislative and regulatory authority was empowered to seize refinery plants that held government contracts.  Any remaining allegations are denied.

2.      Paragraph 2 states conclusions of law and argument to which no response is required.  To the extent Paragraph 2 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

3.      This paragraph calls for a legal conclusion to which no response is required.

4.      This paragraph calls for a legal conclusion to which no response is required.

5.    The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies those allegations.

6.    The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies those allegations.

7.    The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies those allegations.

8.    The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies those allegations.

9.    The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies those allegations.

10.    The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies those allegations.

11.    The United States admits only that it is the United States of America, has been served, and has appeared in this lawsuit.  The remaining allegations are

denied, and no response is required to Plaintiffs' characterization of who the named defendant is or why it was named in this suit.

12.     The United States admits only that any power or authority the executive branch possessed during World War II allegedly related to the "entire petroleum refining industry" was pursuant to specific statutes or regulations – none of which are cited by Plaintiffs.  The United States denies all of the remaining allegations of this paragraph.

13.     The United States admits that Section 120 of the National Defense Act of 1916 authorized the President, through the appropriate government agency, to seize a plant that "in the opinion of the Secretary of War shall be capable of being readily transformed into a plant for the manufacture of arms or ammunition or parts thereof . . ." and provided for just compensation in the event of a seizure. The United States admits that Section 9 of the Selective Service Act of 1940 provided that private concerns give preference to any government ordered product, allowed for "immediate possession of any such plant or plants" that did not comply, and provided for "fair and just compensation."  By way of further response, the National Defense Act of 1916 and the Selective Service Act of 1940 are writings that speak for themselves, and the United States objects to Plaintiffs' characterization of those writings.  To the extent a further response is required, the United States denies any remaining allegations.

14.     The United States admits that the Reconstruction Finance Corporation ("RFC") was created by the United States Congress in 1932 to make loans during the Great Depression.  The United States admits also that the Defense Supplies Corporation ("DSC"), which possessed the authority to purchase, stockpile and distribute products for national defense, was a subsidiary of the RFC, chartered on August 29, 1940.  The United States admits also that the Defense Plant Corporation ("DPC") was chartered on August 22, 1940, as a subsidiary of the RFC, and provided public money to facilitate expansion of private industrial capacity during World War II.  The remaining allegations of Paragraph 14 state conclusions of law and argument to which no response is required.  To the extent a response is required, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and, therefore, denies those allegations.

15.     The United States admits that in May 1941, (1) the President declared an "Unlimited National Emergency;" (2) the President established the Petroleum Coordinator for National Defense; and (3) the President appointed Secretary of the Interior Harold Ickes chairman of the Petroleum Coordinator for National Defense, also known as the Office of Petroleum Coordinator ("OPC").  The United States admits also that OPC was given authority to issue recommendations to the petroleum industry regarding necessary actions to ensure the maintenance of a

ready and adequate supply of petroleum and petroleum products.  The United States admits also that the Petroleum Administration for War ("PAW") was the successor agency to the OPC.  The remaining allegations of Paragraph 15 state conclusions of law and argument to which no response is required.  To the extent a response is required, the United States denies any remaining allegations.

16.     The United States admits that war was declared on Japan on December 8, 1941, and on Germany on December 11, 1941.  The United States also admits that in December 1941, Congress passed the First War Powers Act of 1941 that granted the President certain powers "for the successful prosecution of the war."  The First War Powers Act is a writing that speaks for itself, and the United States objects to Plaintiffs' characterization of the writing.  To the extent a further response is required, the United States denies any remaining allegations.

17.     The United States admits that on January 16, 1942, the President issued Executive Order 9024, establishing the War Production Board ("WPB") and defining its functions and duties.  Executive Order 9024 is a writing that speaks for itself, and the United States objects to Plaintiffs' characterization of the writing. To the extent a further response is required, the United States denies any remaining allegations.

18.     The United States admits that in March 1942, Congress passed the Second War Powers Act.  The Second War Powers Act is a writing that speaks for

itself, and the United States objects to Plaintiffs' characterization of the writing. To the extent a further response is required, the United States denies any remaining allegations.  Further, the United States is without knowledge or information sufficient to form a belief as to the truth of the allegations that "[v]arious materials necessary for the day-to-day operation of the refining industry . . . were strictly limited by the President's broad allocation authority" and, therefore, denies them.

19.     The United States admits that in December 1942, the President issued Executive Order 9276, establishing the PAW, as the successor to the OPC, and defining its functions and duties.  Executive Order 9276 is a writing that speaks for itself, and the United States objects to Plaintiffs' characterization of the writing. To the extent a further response is required, the United States denies any remaining allegations.  To the extent Paragraph 19 contains additional allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

20.     The United States admits that the OPC and PAW published recommendations in the *Federal Register*.  The United States also admits that in May 1942, PAW began to publish directives.  The United States denies that OPC published directives.  The recommendations and directives are writings that speak for themselves, and the United States objects to Plaintiffs' characterizations of those writings.  To the extent Paragraph 20 contains additional allegations of fact,

the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

21.     Paragraph 21 states conclusions of law and argument to which no response is required.  To the extent Paragraph 21 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

22.     Paragraph 22 states conclusions of law and argument to which no response is required.  To the extent Paragraph 22 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

23.     Paragraph 23 states conclusions of law and argument to which no response is required.  To the extent Paragraph 23 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

24.     Paragraph 24 states conclusions of law and argument to which no response is required.  To the extent Paragraph 24 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

25.     Paragraph 25 states conclusions of law and argument to which no response is required.  To the extent Paragraph 25 contains allegations of fact, the

United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

26.     Paragraph 26 states conclusions of law and argument to which no response is required.  To the extent Paragraph 26 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

27.     Paragraph 27 states conclusions of law and argument to which no response is required.  To the extent Paragraph 27 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

28.     Paragraph 28 states conclusions of law and argument to which no response is required.  To the extent Paragraph 28 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

29.     Paragraph 29 states conclusions of law and argument to which no response is required.  To the extent Paragraph 29 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

30.     Paragraph 30 states conclusions of law to which no response is required.  To the extent Paragraph 30 contains allegations of fact, the United States

is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

31.     Paragraph 31 states conclusions of law and argument to which no response is required.  To the extent Paragraph 31 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

32.     Paragraph 32 states conclusions of law and argument to which no response is required.  To the extent Paragraph 32 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

33.     Paragraph 33 states conclusions of law and argument to which no response is required.  To the extent Paragraph 33 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

34.     Paragraph 34 states conclusions of law and argument to which no response is required.  To the extent Paragraph 34 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

35.     Paragraph 35 states conclusions of law and argument to which no response is required.  To the extent Paragraph 35 contains allegations of fact, the

United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

36.     Paragraph 36 states conclusions of law to which no response is required.  To the extent Paragraph 36 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

37.     Paragraph 37 states conclusions of law to which no response is required.  To the extent Paragraph 37 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.  The United States is currently ascertaining the involvement, if any, of the United States Environmental Protection Agency ("EPA") at this site.

38.     Paragraph 38 states conclusions of law to which no response is required.  To the extent Paragraph 38 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

39.     Paragraph 39 states conclusions of law to which no response is required.  To the extent Paragraph 39 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

40.     Paragraph 40 states conclusions of law and argument to which no response is required.  To the extent Paragraph 40 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

41.     Paragraph 41 states conclusions of law and argument to which no response is required.  To the extent Paragraph 41 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

42.     Paragraph 42 states conclusions of law and argument to which no response is required.  To the extent Paragraph 42 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

43.     Paragraph 43 states conclusions of law and argument to which no response is required.  To the extent Paragraph 43 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

44.     Paragraph 44 states conclusions of law and argument to which no response is required.  To the extent Paragraph 44 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

45.     Paragraph 45 states conclusions of law and argument to which no response is required.  To the extent Paragraph 45 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

46.     Paragraph 46 states conclusions of law to which no response is required.  To the extent Paragraph 46 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

47.     Paragraph 47 states conclusions of law to which no response is required.  To the extent Paragraph 47 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

48.     Paragraph 48 states conclusions of law to which no response is required.  To the extent Paragraph 48 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

49.     Paragraph 49 states conclusions of law to which no response is required.  To the extent Paragraph 49 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

50.     Paragraph 50 states conclusions of law and argument to which no response is required.  To the extent Paragraph 50 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

51.     Paragraph 51 states conclusions of law and argument to which no response is required.  To the extent Paragraph 51 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

52.     Paragraph 52 states conclusions of law and argument to which no response is required.  To the extent Paragraph 52 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

53.     Paragraph 53 states conclusions of law and argument to which no response is required.  To the extent Paragraph 53 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

54.     Paragraph 54 states conclusions of law and argument to which no response is required.  To the extent Paragraph 54 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

55.     Paragraph 55 states conclusions of law and argument to which no response is required.  To the extent Paragraph 55 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

56.     Paragraph 56 states conclusions of law to which no response is required.  To the extent Paragraph 56 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

57.     Paragraph 57 states conclusions of law to which no response is required.  To the extent Paragraph 57 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

58.     Paragraph 58 states conclusions of law to which no response is required.  To the extent Paragraph 58 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

59.     Paragraph 59 states conclusions of law to which no response is required.  To the extent Paragraph 59 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

60.     Paragraph 60 states conclusions of law and argument to which no response is required.  To the extent Paragraph 60 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

61.     Paragraph 61 states conclusions of law and argument to which no response is required.  To the extent Paragraph 61 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

62.     Paragraph 62 states conclusions of law and argument to which no response is required.  To the extent Paragraph 62 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

63.     Paragraph 63 states conclusions of law and argument to which no response is required.  To the extent Paragraph 63 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

64.     Paragraph 64 states conclusions of law and argument to which no response is required.  To the extent Paragraph 64 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

65.     Paragraph 65 states conclusions of law and argument to which no response is required.  To the extent Paragraph 65 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

66.     Paragraph 66 states conclusions of law and argument to which no response is required.  To the extent Paragraph 66 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.  The United States is currently ascertaining the involvement, if any, of EPA at this site.

67.     Paragraph 67 states conclusions of law and argument to which no response is required.  To the extent Paragraph 67 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.  The United States is currently ascertaining the involvement, if any, of EPA at this site.

68.     Paragraph 68 states conclusions of law to which no response is required.  To the extent Paragraph 68 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

69.     Paragraph 69 states conclusions of law to which no response is required.  To the extent Paragraph 69 contains allegations of fact, the United States

is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

70.    Paragraph 70 states conclusions of law and argument to which no response is required.  To the extent Paragraph 70 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

71.    Paragraph 71 states conclusions of law and argument to which no response is required.  To the extent Paragraph 71 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

72.    Paragraph 72 states conclusions of law and argument to which no response is required.  To the extent Paragraph 72 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

73.    Paragraph 73 states conclusions of law and argument to which no response is required.  To the extent Paragraph 73 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

74.    Paragraph 74 states conclusions of law and argument to which no response is required.  To the extent Paragraph 74 contains allegations of fact, the

United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

75.     Paragraph 75 states conclusions of law and argument to which no response is required.  To the extent Paragraph 75 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

76.     Paragraph 76 states conclusions of law and argument to which no response is required.  To the extent Paragraph 76 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

77.     Paragraph 77 states conclusions of law and argument to which no response is required.  To the extent Paragraph 77 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

78.     Paragraph 78 states conclusions of law to which no response is required.  To the extent Paragraph 78 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

79.     Paragraph 79 states conclusions of law to which no response is required.  To the extent Paragraph 79 contains allegations of fact, the United States

is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

80.     Paragraph 80 states conclusions of law and argument to which no response is required.  To the extent Paragraph 80 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

81.     Paragraph 81 states conclusions of law and argument to which no response is required.  To the extent Paragraph 81 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

82.     Paragraph 82 states conclusions of law and argument to which no response is required.  To the extent Paragraph 82 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

83.     Paragraph 83 states conclusions of law and argument to which no response is required.  To the extent Paragraph 83 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

84.     Paragraph 84 states conclusions of law and argument to which no response is required.  To the extent Paragraph 84 contains allegations of fact, the

United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

85.     Paragraph 85 states conclusions of law and argument to which no response is required.  To the extent Paragraph 85 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

86.     Paragraph 86 states conclusions of law and argument to which no response is required.  To the extent Paragraph 86 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.  The United States is currently ascertaining the involvement, if any, of EPA at this site.

87.     Paragraph 87 states conclusions of law and argument to which no response is required.  To the extent Paragraph 87 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.  The United States is currently ascertaining the involvement, if any, of EPA at this site.

88.     Paragraph 88 states conclusions of law and argument to which no response is required.  To the extent Paragraph 88 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to

the truth of those allegations and, therefore, denies them.  The United States is currently ascertaining the involvement, if any, of EPA at this site.

89.     Paragraph 89 states conclusions of law to which no response is required.  To the extent Paragraph 89 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

90.     Paragraph 90 states conclusions of law to which no response is required.  To the extent Paragraph 90 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

91.     Paragraph 91 states conclusions of law and argument to which no response is required.  To the extent Paragraph 91 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

92.     Paragraph 92 states conclusions of law and argument to which no response is required.  To the extent Paragraph 92 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

93.     Paragraph 93 states conclusions of law and argument to which no response is required.  To the extent Paragraph 93 contains allegations of fact, the

United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

94.     Paragraph 94 states conclusions of law and argument to which no response is required.  To the extent Paragraph 94 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

95.     Paragraph 95 states conclusions of law and argument to which no response is required.  To the extent Paragraph 95 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

96.     Paragraph 96 states conclusions of law and argument to which no response is required.  To the extent Paragraph 96 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

97.     Paragraph 97 states conclusions of law and argument to which no response is required.  To the extent Paragraph 97 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.  The United States is currently ascertaining the involvement, if any, of EPA at this site.

98.     Paragraph 98 states conclusions of law and argument to which no response is required.  To the extent Paragraph 98 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

99.     Paragraph 99 states conclusions of law to which no response is required.  To the extent Paragraph 99 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

100.    Paragraph 100 states conclusions of law and argument to which no response is required.  To the extent Paragraph 100 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

101.    Paragraph 101 states conclusions of law and argument to which no response is required.  To the extent Paragraph 101 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

102.    Paragraph 102 states conclusions of law and argument to which no response is required.  To the extent Paragraph 102 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

103.   Paragraph 103 states conclusions of law and argument to which no response is required.  To the extent Paragraph 103 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

104.   Paragraph 104 states conclusions of law and argument to which no response is required.  To the extent Paragraph 104 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

105.   Paragraph 105 states conclusions of law and argument to which no response is required.  To the extent Paragraph 105 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

106.   Paragraph 106 states conclusions of law and argument to which no response is required.  To the extent Paragraph 106 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

107.   Paragraph 107 states conclusions of law and argument to which no response is required.  To the extent Paragraph 107 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

108.   Paragraph 108 states conclusions of law and argument to which no response is required.  To the extent Paragraph 108 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

109.   Paragraph 109 states conclusions of law and argument to which no response is required.  To the extent Paragraph 109 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

110.   Paragraph 110 states conclusions of law and argument to which no response is required.  To the extent Paragraph 110 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

111.   Paragraph 111 states conclusions of law and argument to which no response is required.  To the extent Paragraph 111 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

112.   Paragraph 112 states conclusions of law and argument to which no response is required.  To the extent Paragraph 112 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

113.   Paragraph 113 states conclusions of law and argument to which no response is required.  To the extent Paragraph 113 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

114.   Paragraph 114 states conclusions of law and argument to which no response is required.  To the extent Paragraph 114 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

115.   Paragraph 115 states conclusions of law and argument to which no response is required.  To the extent Paragraph 115 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

116.   Paragraph 116 states conclusions of law and argument to which no response is required.  To the extent Paragraph 116 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

117.   Paragraph 117 states conclusions of law and argument to which no response is required.  To the extent Paragraph 117 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to

the truth of those allegations and, therefore, denies them.  The United States is currently ascertaining the involvement, if any, of EPA at this site.

118.   Paragraph 118 states conclusions of law and argument to which no response is required.  To the extent Paragraph 118 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.  The United States is currently ascertaining the involvement, if any, of EPA at this site.

119.   Paragraph 119 states conclusions of law to which no response is required.  To the extent Paragraph 119 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

120.   Paragraph 120 states conclusions of law to which no response is required.  To the extent Paragraph 120 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

121.   Paragraph 121 states conclusions of law and argument to which no response is required.  To the extent Paragraph 121 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

122.   Paragraph 122 states conclusions of law and argument to which no response is required.  To the extent Paragraph 122 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

123.   Paragraph 123 states conclusions of law and argument to which no response is required.  To the extent Paragraph 123 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

124.   Paragraph 124 states conclusions of law and argument to which no response is required.  To the extent Paragraph 124 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

125.   Paragraph 125 states conclusions of law and argument to which no response is required.  To the extent Paragraph 125 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

126.   Paragraph 126 states conclusions of law and argument to which no response is required.  To the extent Paragraph 126 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

127.   Paragraph 127 states conclusions of law and argument to which no response is required.  To the extent Paragraph 127 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

128.   Paragraph 128 states conclusions of law and argument to which no response is required.  To the extent Paragraph 128 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

129.   Paragraph 129 states conclusions of law and argument to which no response is required.  To the extent Paragraph 129 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

130.   Paragraph 130 states conclusions of law and argument to which no response is required.  To the extent Paragraph 130 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

131.   Paragraph 131 states conclusions of law and argument to which no response is required.  To the extent Paragraph 131 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

132.   Paragraph 132 states conclusions of law and argument to which no response is required.  To the extent Paragraph 132 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

133.   Paragraph 133 states conclusions of law and argument to which no response is required.  To the extent Paragraph 133 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.  The United States is currently ascertaining the involvement, if any, of EPA at this site.

134.   Paragraph 134 states conclusions of law and argument to which no response is required.  To the extent Paragraph 134 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.  The United States is currently ascertaining the involvement, if any, of EPA at this site.

135.   Paragraph 135 states conclusions of law to which no response is required.  To the extent Paragraph 135 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

136.   Paragraph 136 states conclusions of law to which no response is required.  To the extent Paragraph 136 contains allegations of fact, the United

States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

137.   Paragraph 137 states conclusions of law and argument to which no response is required.  To the extent Paragraph 137 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

138.   Paragraph 138 states conclusions of law and argument to which no response is required.  To the extent Paragraph 138 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

139.   Paragraph 139 states conclusions of law and argument to which no response is required.  To the extent Paragraph 139 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

140.   Paragraph 140 states conclusions of law and argument to which no response is required.  To the extent Paragraph 140 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

141.   Paragraph 141 states conclusions of law and argument to which no response is required.  To the extent Paragraph 141 contains allegations of fact, the

United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

142.   Paragraph 142 states conclusions of law and argument to which no response is required.  To the extent Paragraph 142 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

143.   Paragraph 143 states conclusions of law to which no response is required.  To the extent Paragraph 143 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

144.   Paragraph 144 states conclusions of law to which no response is required.  To the extent Paragraph 144 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

145.   Paragraph 145 states conclusions of law and argument to which no response is required.  To the extent Paragraph 145 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

146.   Paragraph 146 states conclusions of law and argument to which no response is required.  To the extent Paragraph 146 contains allegations of fact, the

United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

147.   Paragraph 147 states conclusions of law and argument to which no response is required.  To the extent Paragraph 147 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

148.   Paragraph 148 states conclusions of law and argument to which no response is required.  To the extent Paragraph 148 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

149.   Paragraph 149 states conclusions of law and argument to which no response is required.  To the extent Paragraph 149 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

150.   Paragraph 150 states conclusions of law and argument to which no response is required.  To the extent Paragraph 150 contains allegations of fact, the United States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

151.   Paragraph 151 states conclusions of law to which no response is required.  To the extent Paragraph 151 contains allegations of fact, the United

States is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.

152.   The United States incorporates its responses in all the preceding paragraphs of this Answer as if fully set forth herein.

153.   This paragraph partially quotes a federal statute to which no response is required.

154.   This paragraph calls for legal conclusions to which no response is required.

155.   This paragraph calls for legal conclusions to which no response is required.

156.   This paragraph calls for legal conclusions to which no response is required.

157.   This paragraph calls for legal conclusions to which no response is required.

158.   This paragraph calls for legal conclusions to which no response is required.

159.   This paragraph calls for legal conclusions to which no response is required.

160.   The United States incorporates its responses in all the preceding paragraphs of this Answer as if fully set forth herein.

161.    This paragraph partially quotes a federal statute to which no response is required.

162.    This paragraph partially quotes a federal statute to which no response is required.

163.    This paragraph calls for legal conclusions to which no response is required.

164.    This paragraph calls for legal conclusions to which no response is required.

## PLAINTIFFS' PRAYER FOR RELIEF

To the extent that a response is necessary to Plaintiffs' prayer for relief, the United States denies that Plaintiffs are entitled to the relief requested or to any other judgment or relief in their favor.

## DEFENSES

Without limitation or waiving any defenses available to it, the United States hereby asserts the following in response to Plaintiffs' claim for relief:

1.    The Second Amended Complaint does not describe the claims or events with sufficient particularity to allow the United States to ascertain what other defenses may exist at this time and, therefore, the United States reserves the right to assert all defenses which may pertain to the Second Amended Complaint once the precise nature of the claims is ascertained in the future.

2.     The Court lacks subject matter jurisdiction over some or all of the claims alleged in the Second Amended Complaint.

3.     Any alleged injuries, damages, or losses sustained by Plaintiffs (all of which are denied) were caused in whole or in part by the acts of third parties, and the United States is entitled to have any award or recovery against it barred or reduced accordingly.

4.     The liability, if any, of the United States and responsible parties, named or unnamed, should be proportionately reduced and apportioned based on their respective degrees of fault, and the liability of the United States, if any, should be reduced, in accordance with law.

5.     If it is found that the United States is liable (which is denied), the United States is entitled to an offset against damages for all amounts otherwise received by Plaintiffs from the United States and its agencies, from any other sources—including third parties and insurers, and also from all collateral sources.

6.     Plaintiffs failed to mitigate damages.

7.     Plaintiffs' CERCLA claims are barred insofar as they seek to recover costs that were not "necessary costs of response," as required by CERCLA § 107(a), 42 U.S.C. § 9607(a).

8.      Plaintiffs' CERCLA claims are barred insofar as they seek to recover costs that were not incurred "consistent with the National Contingency Plan," as required by CERCLA § 107(a), 42 U.S.C. § 9607(a).

9.      CERCLA does not provide for the award of private litigants' attorneys' fees, expenses or costs associated with bringing a CERCLA action and, therefore, Plaintiffs' claims to recover such costs and fees are barred.

10.      If the United States is found liable to Plaintiffs under CERCLA, Plaintiffs have no claims for joint and several liability. The United States' liability, if any, is limited to its equitable share of the necessary costs of response incurred consistent with the National Contingency Plan due to Plaintiffs' own CERCLA liability, as well as, Plaintiffs' settlement agreements and allocation of costs agreements with other CERCLA responsible parties at the sites, if any.

11.      In an allocation of responsibility under CERCLA, Plaintiffs should recover nothing, or less than their demand, for equitable reasons, including, but not limited to, their own conduct and liability, the conduct and liability of their predecessors, the conduct and liability of their alleged subrogees and assignees, and the doctrines of unclean hands, estoppel, waiver, release, res judicata, or laches.

12.     To the extent that any alleged contamination at the sites attributable to the United States is divisible from other contamination at or in the vicinity of the sites, the United States is not liable for costs relating to the other contamination.

13.     To the extent that Plaintiffs have recovered, have the right to recover or recovers any costs from another person or entity, or from the United States under any contract, settlement or statute other than CERCLA, Plaintiffs are precluded by 42 U.S.C. § 9614(b) or equitable principles from receiving reimbursement for those costs under CERCLA.

14.     The United States is not liable for any costs that result from the cleanup of materials or constituents that are not "hazardous substances" as defined in CERCLA§101(14), 42 U.S.C. § 9601(14).

15.     Any contamination that occurred at the sites was due solely to the acts of one or more third parties, within the meaning of CERCLA section 107(b)(3), 42 U.S.C. § 9607(b)(3).

16.     Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

17.     Plaintiffs are not entitled to recover costs because their claims are barred, in whole or in part, by their failure to use or take reasonable measures to avoid, lessen, minimize or mitigate their alleged injuries, damages or costs.

## UNITED STATES' COUNTERCLAIMS

### COUNTERCLAIM AGAINST
### MRP PROPERTIES COMPANY, LLC

While preserving all of its defenses and expressly denying that it is liable to

MRP Properties Company, LLC ("MRP") for any matter set forth in the Second

Amended Complaint ("SAC"), pursuant to the provisions of Fed. R. Civ. P. 13(b),

the United States of America (the "United States"), by and through the undersigned

attorneys, and at the request of and on behalf of the United States Department of

the Air Force, United States Department of Commerce, United States Department

of the Interior, and United States General Services Administration, asserts the

following counterclaim under section 113(f)(1) of the Comprehensive

Environmental Response, Compensation, and Liability Act ("CERCLA"), 42

U.S.C. § 9613(f)(1), against MRP.

### PARTIES

1.      The Counterclaim Plaintiff is the United States.

2.      The United States is informed and MRP alleges that it is a limited

liability company organized under the laws of the State of Michigan.  *See* SAC ¶ 5.

### JURISDICTION AND VENUE

3.      Jurisdiction over this counterclaim is based on 42 U.S.C. § 9613(b),

28 U.S.C. § 1331, and 28 U.S.C. § 1345.

4.     The Court determined that venue for MRP's claims is proper in this district (ECF No. 26), and this action is currently pending in this Court.

## STATUTORY BACKGROUND

5.     Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), imposes liability for response costs on four categories of "[c]overed persons" – typically known as potentially responsible parties ("PRPs").

6.     PRPs are defined in CERCLA as: (1) owners or operators of facilities at which hazardous substances are located; (2) past owners or operators of such facilities at the time that disposal of hazardous substances occurred; (3) persons who arranged for disposal or treatment of hazardous substances; and (4) certain transporters of hazardous substances. See 42 U.S.C. § 9607(a)(1) - (4).

7.     CERCLA section 113(f)(1), 42 U.S.C. § 9613(f)(1), provides that "[a]ny person may seek contribution from any other person who is liable or potentially liable under [Section 107(a)], during or following any civil action under [Section 106] or under [Section 107(a)]." 42 U.S.C. § 9613(f)(1).

8.     CERCLA section 113(f)(1), 42 U.S.C. § 9613(f)(1), further provides that contribution claims "shall be governed by Federal law," and "[i]n resolving contribution claims, the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate." *Id.*

## GENERAL ALLEGATIONS

9.     MRP alleges that it is the owner of the Leonard Alma Refinery, Mid-West Alma Refinery, Roosevelt Mount Pleasant Refinery, Vickers Potwin Refinery, and Kanotex Arkansas City Refinery (the "MRP Refinery Sites").  *See* SAC ¶¶ 38, 48, 58, 78, 99.

10.     MRP alleges that the MRP Refinery Sites are contaminated by hazardous substances.  *Id*.

11.     Upon information and belief and based on the allegations of the SAC, MRP, as an owner and/or operator of the MRP Refinery Sites, is a covered person under CERCLA.

## COUNTERCLAIM

12.     The United States incorporates by reference, as if fully set forth below, paragraphs 1 through 11 of this Counterclaim.

13.     The United States is a "person" within the meaning of CERCLA sections 101(21) and 113(f)(1), 42 U.S.C. §§ 9601(21) and 9613(f)(1).

14.     MRP is a "person" within the meaning of CERCLA sections 101(21) and 113(f)(1), 42 U.S.C. §§ 9601(21) and 9613(f)(1).

15.     MRP alleges that each of the MRP Refinery Sites is a "facility" for purposes of CERCLA section 101(9), 42 U.S.C. § 9601(9).  *See* SAC ¶ 156.

16.    MRP alleges that each of the MRP Refinery Sites are contaminated by hazardous substances and there have been releases or threatened releases of hazardous substances within the meaning of CERCLA section 101(22), 42 U.S.C. § 9601(22) at each of its refinery sites.

17.    This is an action in which MRP purports to allege a claim against the United States for, inter alia, contamination allegedly released at the MRP Refinery Sites that has and/or will allegedly cause MRP to incur costs under 42 U.S.C. § 9607(a)(4)(B).

18.    If MRP is able to establish that the United States is liable in this action, the Court should allocate the costs sought by MRP among all liable parties, including MRP as the owner and/or operator of facilities, using such equitable factors as the Court determines are appropriate, under 42 U.S.C. § 9613(f)(1), and grant appropriate declaratory relief in the favor of the United States under 42 U.S.C. § 9613(g)(2) and 28 U.S.C. § 2201.

## REQUEST FOR RELIEF ON COUNTERCLAIM

For the reasons stated above, the United States of America requests that the SAC be dismissed with prejudice, that each of MRP's requests for relief be denied in their entirety, that the United States be awarded its costs and disbursements in this action, and that the United States be awarded additional relief, including under

Counterclaim Plaintiff's counterclaim, that the Court deems just and proper under the circumstances.

## COUNTERCLAIM AGAINST
## VALERO REFINING COMPANY-OKLAHOMA

While preserving all of its defenses and expressly denying that it is liable to Valero Refining-Company Oklahoma ("Valero-OK") for any matter set forth in the SAC, pursuant to the provisions of Fed. R. Civ. P. 13(b), the United States of America (the "United States"), by and through the undersigned attorneys, and at the request of and on behalf of the United States Department of the Air Force, United States Department of Commerce, United States Department of the Interior, and United States General Services Administration, asserts the following counterclaim under section 113(f)(1) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9613(f)(1), against Valero-OK.

## PARTIES

19.     The Counterclaim Plaintiff is the United States.

20.     The United States is informed and Valero-OK alleges that it is a corporation organized under the laws of the State of Michigan.  *See* SAC ¶ 6.

## JURISDICTION AND VENUE

21.     Jurisdiction over this counterclaim is based on 42 U.S.C. § 9613(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

22.    The Court determined that venue for Valero-OK's claims is proper in this district (ECF No. 26), and this action is currently pending in this Court.

## STATUTORY BACKGROUND

23.    Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), imposes liability for response costs on four categories of "[c]overed persons" – typically known as potentially responsible parties ("PRPs").

24.    PRPs are defined in CERCLA as: (1) owners or operators of facilities at which hazardous substances are located; (2) past owners or operators of such facilities at the time that disposal of hazardous substances occurred; (3) persons who arranged for disposal or treatment of hazardous substances; and (4) certain transporters of hazardous substances. See 42 U.S.C. § 9607(a)(1) - (4).

25.    CERCLA section 113(f)(1), 42 U.S.C. § 9613(f)(1), provides that "[a]ny person may seek contribution from any other person who is liable or potentially liable under [Section 107(a)], during or following any civil action under [Section 106] or under [Section 107(a)]." 42 U.S.C. § 9613(f)(1).

26.    CERCLA section 113(f)(1), 42 U.S.C. § 9613(f)(1), further provides that contribution claims "shall be governed by Federal law," and "[i]n resolving contribution claims, the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate." *Id*.

## GENERAL ALLEGATIONS

27.    Valero-OK alleges that it is the owner of the Bell Ardmore Refinery (the "Valero-OK Refinery Site").  *See* SAC ¶ 68.

28.    Valero-OK alleges that the Valero-OK Refinery Site is contaminated by hazardous substances.  *Id*.

29.    Upon information and belief and based on the allegations of the SAC, Valero-OK, as an owner and/or operator of the Valero-OK Refinery Site, is a covered person under CERCLA.

## COUNTERCLAIM

30.    The United States incorporates by reference, as if fully set forth below, paragraphs 19 through 29 of this Counterclaim.

31.    The United States is a "person" within the meaning of CERCLA sections 101(21) and 113(f)(1), 42 U.S.C. §§ 9601(21) and 9613(f)(1).

32.    Valero-OK is a "person" within the meaning of CERCLA sections 101(21) and 113(f)(1), 42 U.S.C. §§ 9601(21) and 9613(f)(1).

33.    Valero-OK alleges that the Valero-OK Refinery Site is a "facility" for purposes of CERCLA section 101(9), 42 U.S.C. § 9601(9).  *See* SAC ¶ 156.

34.    Valero-OK alleges that the Valero-OK Refinery Site is contaminated by hazardous substances and there have been releases or threatened releases of

hazardous substances within the meaning of CERCLA section 101(22), 42 U.S.C. § 9601(22), at each of its refinery sites.

35.    This is an action in which Valero-OK purports to allege a claim against the United States for, inter alia, contamination allegedly released at the Valero-OK Refinery Site that has caused and/or will allegedly cause Valero-OK to incur costs under 42 U.S.C. § 9607(a)(4)(B).

36.    If Valero-OK is able to establish that the United States is liable in this action, the Court should allocate the costs sought by Valero-OK among all liable parties, including Valero-OK as the owner and/or operator of facilities, using such equitable factors as the Court determines are appropriate, under 42 U.S.C. § 9613(f)(1), and grant appropriate declaratory relief in the favor of the United States under 42 U.S.C. § 9613(g)(2) and 28 U.S.C. § 2201.

## REQUEST FOR RELIEF ON COUNTERCLAIM

For the reasons stated above, the United States of America requests that the SAC be dismissed with prejudice, that each of Valero-OK's requests for relief be denied in their entirety, that the United States be awarded its costs and disbursements in this action, and that the United States be awarded additional relief, including under Counterclaim Plaintiff's counterclaim, that the Court deems just and proper under the circumstances.

## COUNTERCLAIM AGAINST
## <u>VALERO REFINING COMPANY-TENNESSEE, L.L.C.</u>

While preserving all of its defenses and expressly denying that it is liable to Valero Refining Company-Tennessee, L.L.C. ("Valero-TN") for any matter set forth in the SAC, pursuant to the provisions of Fed. R. Civ. P. 13(b), the United States of America (the "United States"), by and through the undersigned attorneys, and at the request of and on behalf of the United States Department of the Air Force, United States Department of Commerce, United States Department of the Interior, and United States General Services Administration, asserts the following counterclaim under section 113(f)(1) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9613(f)(1), against Valero-TN.

## <u>PARTIES</u>

37.    The Counterclaim Plaintiff is the United States.

38.    The United States is informed and Valero-TN alleges that it is a limited liability company organized under the laws of the State of Delaware.  *See* SAC ¶ 7.

## <u>JURISDICTION AND VENUE</u>

39.    Jurisdiction over this counterclaim is based on 42 U.S.C. § 9613(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

40.    The Court determined that venue for Valero-TN's claims is proper in this district (ECF No. 26), and this action is currently pending in this Court.

## STATUTORY BACKGROUND

41.    Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), imposes liability for response costs on four categories of "[c]overed persons" – typically known as potentially responsible parties ("PRPs").

42.    PRPs are defined in CERCLA as: (1) owners or operators of facilities at which hazardous substances are located; (2) past owners or operators of such facilities at the time that disposal of hazardous substances occurred; (3) persons who arranged for disposal or treatment of hazardous substances; and (4) certain transporters of hazardous substances. See 42 U.S.C. § 9607(a)(1) - (4).

43.    CERCLA section 113(f)(1), 42 U.S.C. § 9613(f)(1), provides that "[a]ny person may seek contribution from any other person who is liable or potentially liable under [Section 107(a)], during or following any civil action under [Section 106] or under [Section 107(a)]." 42 U.S.C. § 9613(f)(1).

44.    CERCLA section 113(f)(1), 42 U.S.C. § 9613(f)(1), further provides that contribution claims "shall be governed by Federal law," and "[i]n resolving contribution claims, the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate." *Id*.

## GENERAL ALLEGATIONS

45.     Valero-TN alleges that it is the owner of the Delta Memphis Refinery (the "Valero-TN Refinery Site").  *See* SAC ¶ 89.

46.     Valero-TN alleges that the Valero-TN Refinery Site is contaminated by hazardous substances.  *Id.*

47.     Upon information and belief and based on the allegations of the SAC, Valero-TN, as an owner and/or operator of the Valero-TN Refinery Site, is a covered person under CERCLA.

## COUNTERCLAIM

48.     The United States incorporates by reference, as if fully set forth below, paragraphs 37 through 47 of this Counterclaim.

49.     The United States is a "person" within the meaning of CERCLA sections 101(21) and 113(f)(1), 42 U.S.C. §§ 9601(21) and 9613(f)(1).

50.     Valero-TN is a "person" within the meaning of CERCLA sections 101(21) and 113(f)(1), 42 U.S.C. §§ 9601(21) and 9613(f)(1).

51.     Valero-TN alleges that the Valero-TN Refinery Site is a "facility" for purposes of CERCLA section 101(9), 42 U.S.C. § 9601(9).  *See* SAC ¶ 156.

52.     Valero-TN alleges that the Valero-TN Refinery Site is contaminated by hazardous substances and there have been releases or threatened releases of

hazardous substances within the meaning of CERCLA section 101(22), 42 U.S.C. § 9601(22) at each of its refinery sites.

53.     This is an action in which Valero-TN purports to allege a claim against the United States for, inter alia, contamination allegedly released at the Valero-TN Refinery Site that has and/or will allegedly cause Valero-TN to incur costs under 42 U.S.C. § 9607(a)(4)(B).

54.     If Valero-TN is able to establish that the United States is liable in this action, the Court should allocate the costs sought by Valero-TN among all liable parties, including Valero-TN as the owner and/or operator of facilities, using such equitable factors as the Court determines are appropriate, under 42 U.S.C. § 9613(f)(1), and grant appropriate declaratory relief in the favor of the United States under 42 U.S.C. § 9613(g)(2) and 28 U.S.C. § 2201.

## REQUEST FOR RELIEF ON COUNTERCLAIM

For the reasons stated above, the United States of America requests that the SAC be dismissed with prejudice, that each of Valero-TN's requests for relief be denied in their entirety, that the United States be awarded its costs and disbursements in this action, and that the United States be awarded additional relief, including under Counterclaim Plaintiff's counterclaim, that the Court deems just and proper under the circumstances.

## COUNTERCLAIM AGAINST
## <u>THE PREMCOR REFINING GROUP INC.</u>

While preserving all of its defenses and expressly denying that it is liable to

The Premcor Refining Group Inc. ("Premcor") for any matter set forth in the SAC,

pursuant to the provisions of Fed. R. Civ. P. 13(b), the United States of America

(the "United States"), by and through the undersigned attorneys, and at the request

of and on behalf of the United States Department of the Air Force, United States

Department of Commerce, United States Department of the Interior, and United

States General Services Administration, asserts the following counterclaim under

section 113(f)(1) of the Comprehensive Environmental Response, Compensation,

and Liability Act ("CERCLA"), 42 U.S.C. § 9613(f)(1), against Premcor.

## <u>PARTIES</u>

55.     The Counterclaim Plaintiff is the United States.

56.     The United States is informed and Premcor alleges that it is a

corporation organized under the laws of the State of Delaware.  *See* SAC ¶ 8.

## <u>JURISDICTION AND VENUE</u>

57.     Jurisdiction over this counterclaim is based on 42 U.S.C. § 9613(b),

28 U.S.C. § 1331, and 28 U.S.C. § 1345.

58.     The Court determined that venue for Premcor's claims is proper in

this district (ECF No. 26), and this action is currently pending in this Court.

## STATUTORY BACKGROUND

59.     Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), imposes liability for response costs on four categories of "[c]overed persons" – typically known as potentially responsible parties ("PRPs").

60.     PRPs are defined in CERCLA as: (1) owners or operators of facilities at which hazardous substances are located; (2) past owners or operators of such facilities at the time that disposal of hazardous substances occurred; (3) persons who arranged for disposal or treatment of hazardous substances; and (4) certain transporters of hazardous substances. See 42 U.S.C. § 9607(a)(1) - (4).

61.     CERCLA section 113(f)(1), 42 U.S.C. § 9613(f)(1), provides that "[a]ny person may seek contribution from any other person who is liable or potentially liable under [Section 107(a)], during or following any civil action under [Section 106] or under [Section 107(a)]." 42 U.S.C. § 9613(f)(1).

62.     CERCLA section 113(f)(1), 42 U.S.C. § 9613(f)(1), further provides that contribution claims "shall be governed by Federal law," and "[i]n resolving contribution claims, the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate." *Id.*

## GENERAL ALLEGATIONS

63.     Premcor alleges that it is the former owner of the Delta Memphis Refinery and the current owner of the Worth Blue Island Refinery and the Gulf Port Arthur Refinery (the "Premcor Refinery Sites").  *See* SAC ¶¶ 89, 108, 119.

64.     Premcor alleges that the Premcor Refinery Sites are contaminated by hazardous substances.  *Id*.

65.     Upon information and belief and based on the allegations of the SAC, Premcor, as an owner and/or operator of the Premcor Refinery Sites, is a covered person under CERCLA.

## COUNTERCLAIM

66.     The United States incorporates by reference, as if fully set forth below, paragraphs 55 through 65 of this Counterclaim.

67.     The United States is a "person" within the meaning of CERCLA sections 101(21) and 113(f)(1), 42 U.S.C. §§ 9601(21) and 9613(f)(1).

68.     Premcor is a "person" within the meaning of CERCLA sections 101(21) and 113(f)(1), 42 U.S.C. §§ 9601(21) and 9613(f)(1).

69.     Premcor alleges that each of the Premcor Refinery Sites is a "facility" for purposes of CERCLA section 101(9), 42 U.S.C. § 9601(9).  *See* SAC ¶ 156.

70.     Premcor alleges that each of the Premcor Refinery Sites are contaminated by hazardous substances and there have been releases or threatened

releases of hazardous substances within the meaning of CERCLA section 101(22), 42 U.S.C. § 9601(22) at each of its refinery sites.

71.     This is an action in which Premcor purports to allege a claim against the United States for, inter alia, contamination allegedly released at the Premcor Refinery Sites that has and/or will allegedly cause Premcor to incur costs under 42 U.S.C. § 9607(a)(4)(B).

72.     If Premcor is able to establish that the United States is liable in this action, the Court should allocate the costs sought by Premcor among all liable parties, including Premcor as the owner and/or operator of facilities, using such equitable factors as the Court determines are appropriate, under 42 U.S.C. § 9613(f)(1), and grant appropriate declaratory relief in the favor of the United States under 42 U.S.C. § 9613(g)(2) and 28 U.S.C. § 2201.

## REQUEST FOR RELIEF ON COUNTERCLAIM

For the reasons stated above, the United States of America requests that the SAC be dismissed with prejudice, that each of Premcor's requests for relief be denied in their entirety, that the United States be awarded its costs and disbursements in this action, and that the United States be awarded additional relief, including under Counterclaim Plaintiff's counterclaim, that the Court deems just and proper under the circumstances.

## COUNTERCLAIM AGAINST
## VALERO REFINING-TEXAS, L.P.

While preserving all of its defenses and expressly denying that it is liable to

Valero Refining-Texas, L.P. ("Valero-TX") for any matter set forth in the SAC,

pursuant to the provisions of Fed. R. Civ. P. 13(b), the United States of America

(the "United States"), by and through the undersigned attorneys, and at the request

of and on behalf of the United States Department of the Air Force, United States

Department of Commerce, United States Department of the Interior, and United

States General Services Administration, asserts the following counterclaim under

section 113(f)(1) of the Comprehensive Environmental Response, Compensation,

and Liability Act ("CERCLA"), 42 U.S.C. § 9613(f)(1), against Valero-TX.

### PARTIES

73. The Counterclaim Plaintiff is the United States.

74. The United States is informed and Valero-TX alleges that it is a

limited partnership organized under the laws of the State of Texas. *See* SAC ¶ 9.

### JURISDICTION AND VENUE

75. Jurisdiction over this counterclaim is based on 42 U.S.C. § 9613(b),

28 U.S.C. § 1331, and 28 U.S.C. § 1345.

76. The Court determined that venue for Valero-TX's claims is proper in

this district (ECF No. 26), and this action is currently pending in this Court.

## STATUTORY BACKGROUND

77.     Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), imposes liability for response costs on four categories of "[c]overed persons" – typically known as potentially responsible parties ("PRPs").

78.     PRPs are defined in CERCLA as: (1) owners or operators of facilities at which hazardous substances are located; (2) past owners or operators of such facilities at the time that disposal of hazardous substances occurred; (3) persons who arranged for disposal or treatment of hazardous substances; and (4) certain transporters of hazardous substances. See 42 U.S.C. § 9607(a)(1) - (4).

79.     CERCLA section 113(f)(1), 42 U.S.C. § 9613(f)(1), provides that "[a]ny person may seek contribution from any other person who is liable or potentially liable under [Section 107(a)], during or following any civil action under [Section 106] or under [Section 107(a)]." 42 U.S.C. § 9613(f)(1).

80.     CERCLA section 113(f)(1), 42 U.S.C. § 9613(f)(1), further provides that contribution claims "shall be governed by Federal law," and "[i]n resolving contribution claims, the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate." *Id*.

## GENERAL ALLEGATIONS

81.     Valero-TX alleges that it is the owner of the Eastern States Houston Refinery (the "Valero-TX Refinery Site"). *See* SAC ¶ 135.

82.     Valero-TX alleges that the Valero-TX Refinery Site is contaminated by hazardous substances.  *Id*.

83.     Upon information and belief and based on the allegations of the SAC, Valero-TX, as an owner and/or operator of the Valero-TX Refinery Site, is a covered person under CERCLA.

## **COUNTERCLAIM**

84.     The United States incorporates by reference, as if fully set forth below, paragraphs 73 through 83 of this Counterclaim.

85.     The United States is a "person" within the meaning of CERCLA sections 101(21) and 113(f)(1), 42 U.S.C. §§ 9601(21) and 9613(f)(1).

86.     Valero-TX is a "person" within the meaning of CERCLA sections 101(21) and 113(f)(1), 42 U.S.C. §§ 9601(21) and 9613(f)(1).

87.     Valero-TX alleges that the Valero-TX Refinery Site is a "facility" for purposes of CERCLA section 101(9), 42 U.S.C. § 9601(9).  *See* SAC ¶ 156.

88.     Valero-TX alleges that the Valero-TX Refinery Site is contaminated by hazardous substances and there have been releases or threatened releases of hazardous substances within the meaning of CERCLA section 101(22), 42 U.S.C. § 9601(22) at each of its refinery sites.

89.     This is an action in which Valero-TX purports to allege a claim against the United States for, inter alia, contamination allegedly released at the

Valero-TX Refinery Site that has and/or will allegedly cause Valero-TX to incur costs under 42 U.S.C. § 9607(a)(4)(B).

90.     If Valero-TX is able to establish that the United States is liable in this action, the Court should allocate the costs sought by Valero-TX among all liable parties, including Valero-TX as the owner and/or operator of facilities, using such equitable factors as the Court determines are appropriate, under 42 U.S.C. § 9613(f)(1), and grant appropriate declaratory relief in the favor of the United States under 42 U.S.C. § 9613(g)(2) and 28 U.S.C. § 2201.

## REQUEST FOR RELIEF ON COUNTERCLAIM

For the reasons stated above, the United States of America requests that the SAC be dismissed with prejudice, that each of Valero-TX's requests for relief be denied in their entirety, that the United States be awarded its costs and disbursements in this action, and that the United States be awarded additional relief, including under Counterclaim Plaintiff's counterclaim, that the Court deems just and proper under the circumstances.

## COUNTERCLAIM AGAINST
## ULTRAMAR INC., f/k/a The CAMINOL COMPANY, LTD.

While preserving all of its defenses and expressly denying that it is liable to Ultramar Inc., f/k/a The Caminol Company, Ltd. ("Ultramar") for any matter set forth in the SAC, pursuant to the provisions of Fed. R. Civ. P. 13(b), the United States of America (the "United States"), by and through the undersigned attorneys,

and at the request of and on behalf of the United States Department of the Air Force, United States Department of Commerce, United States Department of the Interior, and United States General Services Administration, asserts the following counterclaim under section 113(f)(1) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9613(f)(1), against Ultramar.

## PARTIES

91.    The Counterclaim Plaintiff is the United States.

92.    The United States is informed and Ultramar alleges that it is a corporation organized under the laws of the State of Nevada.  *See* SAC ¶ 10.

## JURISDICTION AND VENUE

93.    Jurisdiction over this counterclaim is based on 42 U.S.C. § 9613(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

94.    The Court determined that venue for Ultramar's claims is proper in this district (ECF No. 26), and this action is currently pending in this Court.

## STATUTORY BACKGROUND

95.    Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), imposes liability for response costs on four categories of "[c]overed persons" – typically known as potentially responsible parties ("PRPs").

96.     PRPs are defined in CERCLA as: (1) owners or operators of facilities at which hazardous substances are located; (2) past owners or operators of such facilities at the time that disposal of hazardous substances occurred; (3) persons who arranged for disposal or treatment of hazardous substances; and (4) certain transporters of hazardous substances. See 42 U.S.C. § 9607(a)(1) - (4).

97.     CERCLA section 113(f)(1), 42 U.S.C. § 9613(f)(1), provides that "[a]ny person may seek contribution from any other person who is liable or potentially liable under [Section 107(a)], during or following any civil action under [Section 106] or under [Section 107(a)]." 42 U.S.C. § 9613(f)(1).

98.     CERCLA section 113(f)(1), 42 U.S.C. § 9613(f)(1), further provides that contribution claims "shall be governed by Federal law," and "[i]n resolving contribution claims, the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate." *Id*.

## GENERAL ALLEGATIONS

99.     Ultramar alleges that it is the owner and operator of the Caminol Hanford Refinery and Caminol Santa Fe Springs Refineries (the "Caminol Refinery Sites"). *See* SAC ¶¶ 143, 151.

100.    Ultramar alleges that the Caminol Refinery Sites are contaminated by hazardous substances. *Id*.

101.    Upon information and belief and based on the allegations of the SAC, Ultramar, as an owner and/or operator of the Caminol Refinery Sites, is a covered person under CERCLA.

## COUNTERCLAIM

102.    The United States incorporates by reference, as if fully set forth below, paragraphs 91 through 101 of this Counterclaim.

103.    The United States is a "person" within the meaning of CERCLA sections 101(21) and 113(f)(1), 42 U.S.C. §§ 9601(21) and 9613(f)(1).

104.    Ultramar is a "person" within the meaning of CERCLA sections 101(21) and 113(f)(1), 42 U.S.C. §§ 9601(21) and 9613(f)(1).

105.    Ultramar alleges that each of the Caminol Refinery Sites is a "facility" for purposes of CERCLA section 101(9), 42 U.S.C. § 9601(9).  *See* SAC ¶ 156.

106.    Ultramar alleges that each of the Ultramar Refinery Sites are contaminated by hazardous substances and there have been releases or threatened releases of hazardous substances within the meaning of CERCLA section 101(22), 42 U.S.C. § 9601(22) at each of its refinery sites.

107.    This is an action in which Ultramar purports to allege a claim against the United States for, inter alia, contamination allegedly released at the Caminol Refinery Sites that has and/or will allegedly cause Ultramar to incur costs under 42 U.S.C. § 9607(a)(4)(B).

108.   If Ultramar is able to establish that the United States is liable in this action, the Court should allocate the costs sought by Ultramar among all liable parties, including Ultramar as the owner and/or operator of facilities, using such equitable factors as the Court determines are appropriate, under 42 U.S.C. § 9613(f)(1), and grant appropriate declaratory relief in the favor of the United States under 42 U.S.C. § 9613(g)(2) and 28 U.S.C. § 2201.

## REQUEST FOR RELIEF ON COUNTERCLAIM

For the reasons stated above, the United States of America requests that the SAC be dismissed with prejudice, that each of Ultramar's requests for relief be denied in their entirety, that the United States be awarded its costs and disbursements in this action, and that the United States be awarded additional relief, including under Counterclaim Plaintiff's counterclaim, that the Court deems just and proper under the circumstances.

MATTHEW SCHNEIDER
*United States Attorney*

Lynn M. Dodge (P38136)
*Assistant U.S. Attorney*
211 West Fort Street
Suite 2001
Detroit, MI  48226
(313) 226-0205
lynn.dodge@usdoj.gov


Dated:  July 31, 2018

JEFFREY H. WOOD
*Acting Assistant Attorney General*

 *s/ C. Scott Spear*
KATE R. BOWERS
C. SCOTT SPEAR
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C.  20044
(202) 307-0930
kate.bowers@usdoj.gov
scott.spear@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2018, I electronically filed the foregoing Defendant United States of America's Answer to Second Amended Complaint and Counterclaims with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

*s/ C. Scott Spear*
C. Scott Spear