(Rev 7/21/2017)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MRP PROPERTIES COMPANY, LLC,

      Plaintiff(s),

v.

THE UNITED STATES OF AMERICA, et al.,

      Defendant(s).
_____/

Case Number 17-cv-11174-BC

Honorable Thomas L. Ludington

# CASE MANAGEMENT AND SCHEDULING ORDER

Case Management and Scheduling Order for Phase One:

**YOU WILL RECEIVE NO FURTHER NOTICE OF THESE DATES**

| | |
|---|---|
| Initial Disclosures Exchanged By: | October 29, 2018 |
| Fact Discovery Cutoff: | June 28, 2019 |
| Expert Disclosure, plaintiff Filed By: | July 29, 2019 |
| Expert Disclosure, defendant Filed By: | August 28, 2019 |
| Rule 26(a)(3)(B) Disclosures Filed By: | To Be Determined (TBD) |
| Status Conference re: Discovery | April 24, 2019 at 2:00 pm |
| Discovery Cutoff: | October 28, 2019 |
| Settlement Conference: | TBD at TBD |
| Motions Challenging Experts Filed By: | December 9, 2019 |
| Dispositive Motions Filed By: | January 24, 2020 |
| Motions *in limine* Filed By: | TBD |
| Pretrial Submissions By: | TBD |
| Final Pretrial Conference: | TBD at TBD |
| Trial Date: | TBD at TBD. |

Non Jury Trial

Detailed information contained in body of order.  Read Carefully:
**SOME DEADLINES MAY BE SHORTER** than Local Rules would allow.

I.    Computation of time under this order and under any notice of any scheduling order or notice in this cause shall be in conformity and accordance with Fed. R. Civ. P. 6(a).

II.    DISCOVERY.

    A. Discovery Plans. The Court encourages Rule 26 discovery plans agreeable to all parties provided that the plan contemplates prompt organization of the case.  Disclosure required

    by Fed. R. Civ. P. 26(a)(1)(A), (B) and (C) shall be served on opposing counsel, **but not filed with the Clerk**, on or before **October 29, 2018**.

  B. Initial Disclosures. Disclosure of information regarding expert witnesses required by Fed. R. Civ. P. 26(a)(2) shall be made as follows: disclosure of an expert witness's identity under Rule 26(a)(2)(A) shall be made within three (3) business days of the expert's retention; other disclosures under Rule 26(a)(2)(B) and (C) shall be served on opposing counsel, **but not filed with the Clerk**, by plaintiff on or before **July 29, 2019** and by defendant on or before **August 28, 2019.**

  C. **Limitations on Filing Discovery. The parties are reminded that Fed. R. Civ. P. 5(d) and E.D. Mich. LR 26.2 prohibit the filing with the clerk depositions, interrogatories, requests for the production of documents, requests for admission, responses to such discovery material,** *and certificates of service* **except as provided for in Local Rule 26.2. Additionally, disclosures under Rule 26(a)(1) and (2), the corresponding discovery requests and responses must not be filed with the Clerk until they are used in the proceedings or the Court orders them to be filed pursuant to Local Rule 26.2.** *See* **Fed. R. Civ. P. 5(d).**

  D. Rule 16(a)3(B) Trial Disclosures. A list in the form required by Fed. R. Civ. P. 26(a)(3)(A) and (B) of the lay and expert witnesses whom a party may call to testify along with counsel's estimate of the time needed for direct examination at trial shall be filed with the Clerk and served on opposing counsel on or before **To Be Determined (TBD)**. Under Fed. R. Civ. P. 26(a)(3)(B) these disclosures are to be made at least 30 days before trial. Pursuant to this Order they are not to be made prior to the close of discovery. Note that these disclosures are different from those made under Fed. R. Civ. P. 26(a)(1)(A), (B), and (C).

  E. Discovery Cutoff.  Discovery shall be completed on or before **October 28, 2019**.  This Court will not order supplemental discovery to take place subsequent to the discovery cutoff date, but will reach the merits of discovery motions, including motions to compel, filed before the cutoff date.  Discovery may be extended both before and after the discovery cutoff date by agreement of the parties if the extension of time does not affect the motion cutoff, final pretrial conference, or trial dates.  Typically, the dispositive motion cutoff date must be at least 90 days before the final pretrial conference to ensure any motions are resolved at least ten days before the final pretrial conference.  *See* E.D. Mich. L.R. 16.1(f).

  F. Discovery motions may be referred to the magistrate judge.  Once a motion has been referred, all communication regarding that motion should be directed to the magistrate judge's chambers.

III.    MOTIONS CHALLENGING EXPERT WITNESSES.

  A. The deadline for filing motions challenging the admissibility of expert witness testimony pursuant to Fed. R. Evid. 702, 703 or 705 is **December 9, 2019**.

    B. All such motions should include specific references to the witness's deposition and to all other record material needed to establish the foundation for the motion. The full text of any unpublished source cited should be filed with the Court as an appendix. The appendix shall contain an index. As to cited deposition testimony, counsel must supply the Court with a transcript of cited page(s) together with the pages immediately adjacent to the cited material. If more than five pages are cited, or if the deposition is particularly relevant for adjudication, the entire deposition transcript should be included. When applicable, specific references in cited material should be underlined or highlighted. All citations must have page references.

IV.     DISPOSITIVE MOTIONS. Dispositive motions shall be filed on or before **January 24, 2020**. No party may file more than one motion for summary judgment or motion to dismiss without obtaining leave of court. Challenges to multiple counts of a complaint shall be brought in a single motion. When filing dispositive motions, parties shall proceed in accordance with the following:

    A. The parties are encouraged to clearly identify the type of motion being filed. The Federal Rules governing motions to dismiss and motions for summary judgment are not interchangeable.

    B. Facts stated in the statement of material facts *must* be supported with citations to either the pleadings, interrogatories, admissions, depositions, affidavits, or documentary exhibits. Counsel should submit the cited pages of deposition transcripts along with the pages immediately adjacent to the cited material. If more than five pages are cited, or if the deposition is particularly relevant for adjudication, the entire deposition transcript should be included. When applicable, specific references in cited material should be underlined or highlighted. The full text of any unpublished source, including unpublished opinions or opinions published only in a specialty reporter, should also be included as exhibits. There must be an index of the exhibits.

    C. The Court Clerk will send out a notice of the hearing date. The Court does not issue a briefing schedule. The Court enforces the response and reply due dates as set forth in L.R. 7.1(e) and Fed. R. Civ. P. 6, even when the motion hearing is set in advance of the completion of briefing.

    D. One "courtesy" or "chambers" copy of all dispositive motion papers, as defined in E.D. Mich. LR 7.1(e)(1)(A), (including responses and replies) and all accompanying exhibits must be submitted directly to the judge's chambers. Exhibits must have labels attached which extend beyond the right side of the paper. All papers must be firmly bound along the left margin ("book-style") with binding combs, zip-band binding spines or wire binding spines is preferred. Courtesy copies that do not comply with formatting requirements, including exhibit tabs and book-style binding, will be returned for reformatting before they will be considered.

  E. The chambers copy must be sent via first class mail the same day the document is e-filed, unless it relates to a court proceeding scheduled within the next five days or otherwise requires the immediate attention of the Court, in which case the chambers copy must be hand-delivered to chambers not later than the morning of the next business day after the document is e-filed.

V. MOTIONS IN LIMINE must be filed by **TBD**. It is the intention of the Court that all motions *in limine* and responses shall be received by the final pretrial conference date, therefore counsel must strictly adhere to the deadlines set forth in L.R. 7.1(d)(2). Counsel should be prepared to address motions *in limine* at the final pretrial conference.

VI. MOTION PRACTICE AND ORAL ARGUMENT.

  A. General Practice. Motions shall be clear and succinct. Briefs in support of motions must conform to the requirements of L.R. 7.1(d), and, in addition, shall contain a concise statement of facts supported by references to the record. If a brief is submitted separately from the motion or response, *see* L.R. 7.1.(d)(1)(A), detailed legal argumentation and factual summaries should be reserved for the brief and should not be included in the text of the motion or response.

  B. Courtesy Copies. A courtesy copy of nondispositive motion papers (including any responses and replies) that contain extensive exhibits totaling more than 50 pages, a courtesy copy should be submitted directly to judge's chambers. Exhibits must have labels attached which extend beyond the right side of the paper. All papers must be firmly bound along the left margin ("book-style") with binding combs, zip-band binding spines or wire binding spines are preferred. Courtesy copies that do not comply with formatting requirements, including exhibit tabs and book-style binding, will be returned for reformatting before they will be considered.

  C. Motion Hearings. The Court Clerk will send out a notice of the hearing date. The Court does not issue a briefing schedule. Responses and replies shall be filed according to the schedule set forth in L.R. 7.1(e) and Fed. R. Civ. P. 6. The Court will cancel oral argument if, after a review of the briefs, the Court finds that argument would be neither necessary nor helpful.

  D. Prohibition on Embedded Motions. Motions may not be included within or appended to a response or a reply, and under no circumstances may a motion be included within the text or footnotes of another motion. *See* L.R. 7.1(d)(1).

VII. E-FILING.

  A. All attorneys should become familiar with the CM/ECF Policies and Procedures, which can found as an Appendix to the Local Rules.

    B. An order to show cause why an attorney should be excused from mandatory electronic filing will issue against any attorney who disregards registering as a user of this District's electronic document filing system.

    C. Please note that Federal Rule of Civil Procedure 5.2 requires the parties to redact certain information, including social-security numbers and birth dates, from electronically filed papers. It is the parties' responsibility to maintain compliance with this rule and neither the Clerk's Office nor the Court reviews papers to ensure personal information has not been made public.

    D. Note that the Local Rules distinguish between submitting and filing documents. Documents that are to be submitted must be furnished to the Court through the Utilities function of CM/ECF. Documents that are to be filed must be entered on the docket. Documents improperly filed on the docket will be stricken.

**VIII. ALTERNATIVE DISPUTE RESOLUTION.**

    A. Case Evaluation. If the parties opt to participate in case evaluation pursuant to Michigan Court Rule 2.403, a stipulation for case evaluation should be submitted to the Court. Stipulations must state that the parties agree to be bound by all of the provisions of Mich. Ct. R. 2.403, including the provisions regarding sanctions. It is the responsibility of the attorneys to make sure that case evaluation is completed before the final pretrial conference.

    B. Facilitation. Facilitative mediation is a very effective method for case resolution and strongly encouraged. An experienced facilitator should be employed. This process can be used at any time during the litigation, but is most beneficial after the majority of the discovery is completed and before dispositive motions are filed. The parties may arrange for facilitation without contacting chambers. Alternatively, Judge Ludington encourages facilitation with the Magistrate Judges.

**IX. SETTLEMENT CONFERENCE:** The settlement conference is set for **TBD at TBD.**

    A. Judge Ludington's practice is to focus on the law applicable to the case and what counsel have learned about the facts in dispute during discovery. The parties will then be encouraged to assess the probability of different results and the associated economic implications. Negotiations will be encouraged, but Judge Ludington does not meet with either party without the opposing party present.

    B. Persons Required to Attend. The following person and entities shall *personally* attend the settlement conference:

        1. **Trial counsel** for each party;

   2. **All parties** who are natural persons;

   3. **A representative** on behalf of any other party;

   4. **A representative of any insurance carrier** which has undertaken the prosecution or defense of the case and has contractually reserved to itself the ability to settle the action.

  C. Representatives must possess full authority to engage in settlement discussions and to agree upon a full and final settlement.

X. FINAL PRETRIAL CONFERENCE. The final pretrial conference shall take place on **TBD at TBD.** Trial counsel for each party must attend. The following is the procedure counsel are to utilize to prepare for the final pretrial conference:

  A. Meet and Confer. Counsel for all parties are directed to confer in order to (1) reach any possible stipulations narrowing the issues of law and fact and (2) coordinate the identification of documents that will be offered in evidence at the trial. It shall be the duty of counsel for plaintiff to initiate that meeting and the duty of other counsel to respond to plaintiff's counsel and to offer their full cooperation and assistance.

  B. Proposed Joint Jury Instructions. The parties are to provide to chambers a single set of proposed jury instructions at least one week before the Final Pretrial Conference. The proposed jury instructions should reflect both the instructions that the parties agree on and the instructions that they do not, with alternative instructions and supporting legal authority. Each instruction shall contain references to authority (e.g., "Devitt and Blackmar, Section 11.08"). Counsel are also to propose a summary of claims and a summary of defenses, and counsel are responsible for all instructions related to their specific claims or defenses. The proposed jury instructions shall be submitted to chambers before the close of business.

  C. Other Pretrial Matters.

   1. At least *ONE WEEK* prior to the final pretrial conference all counsel shall furnish to the court the following in proper form:

      i. In jury cases, any requests for *VOIR DIRE* shall be submitted through the utilities function of CM/ECF.

      ii. A statement of claims or defenses, no longer than two pages, suitable to be read to the jury during opening instructions shall be submitted through the utilities function of CM/ECF.

      iii. In non-jury cases, proposed *FINDINGS OF FACT* and *CONCLUSIONS OF LAW* shall be submitted through the utilities function of CM/ECF and trial briefs shall be filed on the docket.

    2. If there are any disputes requiring determination in advance of trial,[1] they should specifically be called to the Court's attention no later than the date of submission of the final pretrial order.

    3. Requests for adjournment of the final pretrial conference should be made in accordance with section XIII of this Order.

XI.    TRIAL. Trial shall commence on **TBD at 8:30 a.m.**

XII.    EXHIBITS DURING TRIAL.

    A. Use of electronic exhibits at trial is strongly suggested. Any party intending to use electronic aids to display evidence at trial shall disclose that intention to the Court and all other parties at or before the final pretrial conference. The parties are encouraged to contact the Court's information technology consultant, Jason Owen, if they plan on using electronic exhibits. Mr. Owen can be reached at 810-341-7430. The Court requires full disclosure to opposing counsel of computer-generated visual or animated evidence and full disclosure of underlying data.

    B. One week prior to trial counsel shall submit an exhibit list. Counsel are required to mark all proposed hard-copy exhibits in advance of trial; any clearly marked method is acceptable. A consecutive numbering system should be used by each party. Numbers used by one party shall not be used by other parties. Two copies of exhibit binders should be provided to the Court on the first day of trial. If exhibits are voluminous, exhibits used for each witness should be bound separately.

    C. Counsel are required to keep track of all admitted exhibits during trial. Counsel must confer and consolidate copies of all exhibits admitted during the course of trial into a single binder or folder. Such exhibits should be ready to be turned over to the jury foreperson prior to closing jury instructions so that jury deliberations are not delayed.

    D. It is the responsibility of the parties to see that the record is complete at the conclusion of trial in accordance with the Local Rules.

XIII.    SCHEDULING ORDER CHANGES.

All requests for extension of time or modification of the scheduling order shall be made *in writing* to the Court setting forth good cause, *see* Fed. R. Civ. P. 16(b), in a (1) stipulation by the parties with a proposed order or (2) motion that states that concurrence was sought and refused. The Court will consider the persuasiveness of the reasons for the extension and the overall reasonableness of the request, including its effect on the other dates in the scheduling order.

---

[1] This includes motions in limine, disputes over specific jury instructions or the admissibility of any evidence at trial upon which the parties desire to present authorities and argument to the Court.

XIV. ATTORNEY ADMISSIONS.

Local Rule 83.20 governs attorney admissions and outlines requirements for the admission of out-of-state counsel who wish to practice in this District. All inquiries regarding admission to the Eastern District must be directed to the Clerk's Office at (989) 894-8800.

XV. PROTECTIVE ORDERS AND FILING UNDER SEAL.

A. The rules for entry of a protective order and filing documents or other information under seal are distinct. *Compare* E.D. Mich. L.R. 26.4 *with* E.D. Mich. L.R. 5.3.

B. Protective orders should generally be submitted by stipulation, and cover information the parties agree is confidential or privileged. However, a stipulated protective order will not be entered if it requires that information covered by the order be filed under seal. Each document or exhibit that a party wishes to file under seal will be reviewed independently pursuant to the standards of Local Rule 5.3.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: September 26, 2018

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 26, 2018.

s/Kelly Winslow

KELLY WINSLOW, Case Manager