UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MRP PROPERTIES, LLC, et al.,

                Plaintiffs,                Case No. 17-11174

v.                                              Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,

                Defendant.
_____/

**ORDER GRANTING IN PART DEFENDANT'S MOTION TO EXTEND
TIME FOR DEPOSITIONS**

Plaintiffs, MRP Properties, et al., are six wholly owned subsidiaries or affiliates of the Valero Energy Corporation. Plaintiffs filed their complaint against Defendant United States of America on April 13, 2017, under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA). Plaintiffs seek to recover response costs under section 107(a) arising from the investigation and cleanup of contamination, contending that the United States exercised control over their refineries before and during World War II. The case was split into two phases: liability and damages. ECF Nos. 47, 48, 49. Factual discovery closed on August 23, 2019. ECF No. 52. Discovery for phase one ends on May 4, 2020. *Id.*

On March 9, 2020 Defendant filed a motion for additional time to depose Plaintiffs' three expert witnesses. ECF No. 56. The response and reply were timely filed. ECF Nos. 57, 58.

**I.**

Defendant "seeks an order under Rule 30(d)(1) allowing for 7 additional hours of time for each deposition of two of Plaintiffs' designated expert witnesses (Messrs. A.J. Gravel and David B. Lerman) and an additional 3 hours of time for the deposition of one of Plaintiffs' designated expert witnesses (Mr. Randall Grip)." ECF No. 56 at PageID.941. In support of their motion Defendant

explains the case involves 12 current or former petroleum refineries. Defendant argues a key factual questions in the case is "whether and to what extent the 'Government's alleged control of inputs, outputs, conversion of facility operations, and construction projects was specifically brought to bear on operations having to do with leakage or disposal of hazardous waste' [and] '[a]nother key question will be whether such coercive 'control' existed at all, or whether the operations at Plaintiffs' polluting facilities were the result of voluntary contractual arrangements.'" *Id.* at PageID.943. Defendant explains that Gravel's report is 145 pages with three opinions and 94 historical document references. Lerman's report is 85 pages discussing "theories ranging from refining technologies, crude oil properties, World War II refinery design consideration, common waste streams, waste disposal practices during World War II, environmental laws, and alleged impacts of the United States' control at the 12 Refinery Sites." *Id.* at PageID.945. Grip's report is 174 pages, the majority of which are "attachments, including over 150 photographs, maps and documents utilized by Mr. Grip in offering his opinions." *Id.* at PageID.946. It also appears from Defendant's motion that Mr. Lerman and Grip's depositions would be occurring in Houston, Texas and Mr. Gravel's deposition would occur in Washington, DC.

Plaintiffs' counter and contend that they have twice offered to make Mr. Gravel and Mr. Lerman available for a deposition longer than 7 hours. ECF No. 57. Additionally, Plaintiffs assert "the Government has deposed two of these experts, who issued opinions similar to their opinions in this case, in other wartime cases. . . . Given the familiarity with these experts' credentials, opinions and bases therefore, the Government's urging for more time is contrary to the overarching guidance of Rule 26(b)(2)(C) that the court limit the frequency or extent of discovery if it is unreasonably cumulative." *Id.* at PageID.960-961 (internal quotation omitted).

**II.**

Federal Rule of Civil Procedure 30(d)(1) provides

> Unless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours. The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.

The Advisory Committee Note to the 2000 Amendments[1] states that the "party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order." Some factors could include the need for an interpreter, examination of events that occurred over a prolonged period of time, when a witness is questioned about numerous or lengthy documents, if the witness' lawyer wants to examine the witness, and for expert witnesses "there may more often be a need for additional time--even after the submission of the report required by Rule 26(a)(2)--for full exploration of the theories upon which the witness relies."

> As this Court has previously explained,
>
> Although the rule [FRCP 30(d)(1)] generally limits a deposition to a single day of seven hours, on its face, the rule provides for extensions beyond that presumptive limitation. Indeed, "[t]he court *must allow additional time* ... if needed to fairly examine the deponent . . . ." Thus, the Court has an obligation to permit additional time, if the circumstances require that a fair examination of the deponent run longer.
> *Dow Chemical Co. v. Reinhard*, 2008 WL 1735295 at *3 (E.D. Mich. Apr. 14, 2008) (emphasis in original).

Traditionally, parties are expected to conduct the first seven hours of deposition testimony before seeking an extension form the court. *See e.g.*, *Arista Music v. Time Warner, Inc.*, 2010 WL 11497095 at *3 (M.D. Tenn. Jan. 8, 2010). However, sometimes an anticipatory motion is more appropriate considering all the circumstances. *See e.g.*, *Sexton v. Exxon Mobil Corp.*, 2020 WL 515852 at *2–3 (M.D. La. Jan. 31, 2020). In this case, the three experts have examined data regarding twelve refineries and their production during World War II. Defendant seeks to question the experts regarding overarching policies and historical events, as well as

---
[1] The most recent substantive amendment regarding the length of depositions.

detailed information about twelve separate refineries. Plaintiffs' main response is that Defendant is aware of the testimony of these experts from other cases. However, even if Defendant is generally aware of the experts' backgrounds and limits its questions on background and qualification to one hour, Defendant explains that

> there would remain only 6 hours to cover the expert's opinions related to each of the 12 specific refinery sites, thus, leaving only an average of 30 minutes to cover each of the individual sites and Plaintiffs' individual theories of liability as to each site. A full exploration of the Plaintiffs' experts' theories and the historical record underlying the theories and opinions, including historical documents, maps and photographs, could not be accomplished in such a short period of time—30 minutes per site.
> ECF No. 56 at PageID.948.

That said, Defendant has not provided good cause to double the length of deposition testimony of Experts Gravel and Lerman prior to the deposition occurring. Therefore, Defendant's motion will be granted in part. Defendant will be able to depose Plaintiffs' three experts for a total of 10 hours each over two days.

### III.

Accordingly, it is **ORDERED** that Defendant's Motion for Additional Time to Depose Plaintiffs' Designated Expert Witnesses, ECF No. 56, is **GRANTED IN PART**. Defendants may depose Mr. Gravel, Lerman, and Grip for a total of 10 hours each, divided over 2 days.

Dated: April 2, 2020
s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge